Filed April 1, 1892.

---

## No. 208.

## Vice et al. *v.* Jones et al.

Appeal. —*Failure of Counsel to Return Records.*— *Violation of Rule.*—*Affirmance of Judgment.*—Where counsel for appellant procured the records and papers in a case on file in the clerk's office of the Supreme Court, and, in total disregard of repeated orders to return said records kept them in his possession beyond the time allowed by the rules of this court, without sufficient excuse or reason therefor, for such conduct and violation of said rules the court affirmed the judgment, and overruled a motion to set aside the affirmance of the judgment.

From the Boone Circuit Court.

*C. S. Wesner* and *O. D. Wesner,* for appellants.

*W. J. Darnall, T. W. Lockhart, R. W. Harrison* and *E. J. Hickson,* for appellees.

REINHARD, J.—On the 6th day of February, 1892, this cause was affirmed by this court for failure of appellant's counsel to return record and papers as required by order of January 25, 1892, issued to the attorney for the appellant, pursuant to rule 32 of this court.

That rule is as follows:

" In any case pending in this court and not distributed, any attorney or firm of attorneys, representing either party, may be allowed to take the record and papers out of the clerk's office for any proper purpose connected with such cause, on giving a receipt therefor in such form as the clerk may adopt, in which shall be specified the time during which such record and papers may be kept, but in no case shall such papers be retained more than sixty days, except by special leave. On failure to return such record and papers within the time stated, the attorney, or firm of attorneys so failing, shall receive no other record or papers while so in default, and the clerk shall immediately issue an order against him or them to show cause why such record and papers have not been returned. On failure to show sufficient cause, and to return such record and papers, such attorney or attorneys shall pay the costs of the order and service thereof, and an attachment may issue for a contempt, or the court may, at its option, enter an order reversing the case if the record is wrongfully withheld by appellees' counsel, or if withheld wrongfully by appellants' counsel, the court may enter an order affirming the judgment."

On the 25th day of March, 1892, the appellants filed their written motion to set aside the order and judgment of affirmance, " for the reason that appellants' attorney * * * was sick at the time said order was served on him,

and was not in a physical condition to comply with said order." This motion is accompanied by an affidavit of the attorney, in which he says that an order was served on him on the 25th day of January, 1892, to return to the clerk's office of this court the papers in this cause, but that on said day, and for more than one month prior thereto, he was suffering from a severe attack of la grippe, and was in no condition to transact any business; that he can not file the affidavit of any physician in support of his own affidavit, for the reason that he did not have the services of one while sick, but "that his health was in an extremely precarious condition and has been for months and still is in very poor health; that much of the time since the disease first attacked him, which was in the fall of 1891, it has been almost impossible for him, for days at a time, to remember the names of his most intimate friends with whom he has been intimately associated for more than thirty years, and that it was by reason of this condition of health and mind that he failed to obey the order of said court in not returning said papers."

The motion to set aside the affirmance is resisted by the appellees upon the ground that the reasons given for granting the motion are insufficient. A counter affidavit is filed by one of appellees' attorneys, in which the statements in the affidavit of appellants' attorney as to the extent and severity of his illness are controverted, and it is alleged that he had associated with him his son as a partner in the practice of law, who could have returned the papers as required in the court's order, and for whose failure to do so no explanation or account is given in the affidavit of appellants' said attorney. The counter affidavit then proceeds to give a history of the case in relation to the possession of the papers and the orders of court growing out of the same, which facts thus set out in the affidavit also appear as a part of the record history of this cause since it has been appealed. It thus appears

that the papers were first taken out by said attorney on the 23d day of February, 1891, while the cause was still upon the docket of the Supreme Court.

On the 1st day of September, 1891, or more than six months after the receipt of the record by said attorney, a notice was served upon him to return the same. To this it seems that no attention was paid whatever, and on the 7th day of October, 1891, after the cause had been transferred to the docket of this court, and more than thirty days after the first notice had been served, the attorney was again notified to return the same by the clerk, but the request was unheeded as before. Thereupon, on the 25th day of January, 1892, nearly five months after said record had been taken out and receipted for by the appellant's attorney, and after two previous notices to him which proved ineffectual, this court made a peremptory order requiring said attorney to return said record and papers forthwith. Meeting with no response thereto the court, on the 6th day of February, 1892, affirmed the judgment of the court below, under rule 32 of this court.

A second affidavit of an attorney for the appellees contains statements to the effect that affiant, as such attorney, made frequent inquiries at the clerk's office for the papers and record in this cause, in order that a brief might be prepared for the appellees, and being informed that said papers and record were in the hands of said attorney for appellant, he made several trips to Lebanon in order to procure from said attorney the brief for the appellant and to prepare an answer thereto; that since October, 1891, he had repeated conversations with said attorney in regard to his brief, "and has repeatedly urged him to prepare the same so that the cause might be disposed of; that at one time since said date last above mentioned affiant went to Lebanon for the special purpose of taking steps above mentioned and went personally" to said attorney "to get his brief, and was promised by him that the same should

be ready by the next day; that said affiant remained over at Lebanon until the evening of the following day, and went to the office of said attorney " in order to get his brief, and was informed by his son that the brief was not finished, and that his father had gone to Indianapolis; that since October 7th, 1891, affiant has at different times and repeatedly seen " said attorney " performing his duties at the bar of the Boone Circuit Court and in the trial of causes as attorney in said court."

To these affidavits of appellees' counsel no response has been made further than the matter contained in the said affidavit, filed on behalf of appellants by their attorney.

The question is whether, under these circumstances, it becomes proper to set aside the order of affirmance in this cause, as requested in the appellants' motion. We have carefully considered this question, and have reached the unanimous conclusion that it is our imperative duty not to do so. The facts which we have set out above speak for themselves, and but little comment is necessary. If it is proper and necessary for courts to adopt rules, it is equally proper and necessary that such rules be enforced. Cases doubtless arise where good and sufficient reasons exist for suspending the strict enforcement of the rule under consideration, at least until ample oppportunity has been afforded the parties and counsel to make use of the records and papers a reasonable length of time. Judges will and usually do in such cases, make all proper allowance, not only for illness of counsel, but even for pressure of business and such other unavoidable causes as sometimes hinder the prompt return of papers or immediate compliance with requests to return. In such cases, however, excuses should be presented at as early a period as practicable and an extension of time asked for. While we have no disposition to be unnecessarily strict in the enforcement of such rules, it may as well be understood that we

Vice *et al. v.* Jones *et al.*

shall endeavor to exact reasonable promptness in the prosecution of all appeals that come into this court. In this we feel assured that we shall have the hearty co-operation of the bar of the State, who doubtless appreciate fully as well as we do the importance of reasonable promptness and industry in order that the purpose for which the Appellate Court was created may not wholly fail in being accomplished.

It must be apparent that counsel for appellant in the present case, so far from showing a reasonable excuse for non-compliance with orders served upon him, has evinced a most flagrant disregard of them and the notices of the clerk issued under the sanction of this court. The illness of counsel, severe as it is shown to have been, was not such as prevented a return of the record at some period within the eleven months' time during which he was in possession of the same, and after some of the repeated requests and notices had been served upon him. The short illness of counsel furnishes no excuse for the laches and palpable disregard of duty during the remainder of this period. The affidavit falls far short of covering the whole time over which these notices and orders extend. While the judgment of affirmance is based directly upon the order of January 25, 1892, we can not ignore the notices and orders previously issued nor the unreasonable delay in returning the papers, even if no such notices or orders had been served before. We can not consent to condone such remissness as has been practiced here, and think that the embarrassments that may follow in consequence of the judgment of affirmance quite as mild a penalty as we can be expected, under the circumstances, to impose.

The motion to set aside the judgment and order of affirmance is overruled.

Filed April 12, 1892.

PER CURIAM.—This case is affirmed for failure to return record and papers as required, by order of January

25, 1892, issued to the attorney for the appellant pursuant to rule 32 of this court.

Filed Feb. 6, 1892.